UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD L. BURNS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>GARY SWARTHOUT, Warden,<br><br>　　　　Respondent. | Case No.  11-6301 WHO (PR)<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Petitioner Richard Burns seeks federal habeas relief from his state convictions. Respondent moves to dismiss as untimely the petition for such relief. For the reasons discussed herein, respondent's motion to dismiss is GRANTED. The petition is DISMISSED.

## DISCUSSION

**A.　Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to every federal habeas petition filed on or after April 24, 1996, contains a statute of limitations codified at 28 U.S.C. § 2244(d). Federal habeas petitions must be filed within one year of the latest of the date on which:  (1) the judgment became final after the

1  conclusion of direct review or the time passed for seeking direct review; (2) an impediment
2  to filing an application created by unconstitutional state action was removed, if such action
3  prevented petitioner from filing; (3) the constitutional right asserted was recognized by the
4  Supreme Court, if the right was newly recognized by the Supreme Court and made
5  retroactive to cases on collateral review; or (4) the factual predicate of the claim could
6  have been discovered through the exercise of due diligence. *See id.* § 2244(d)(1).
7  "[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme
8  Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day
9  period defined by Supreme Court Rule 13 expires." *Bowen v. Roe*, 188 F.3d 1157, 1159
10 (9th Cir. 1999).

**B.     Timeliness of the Petition**

The following facts are undisputed. On September 9, 2009, in the San Mateo Superior Court, Burns pleaded no contest to charges of assault, and was sentenced to 17 years and 9 months in state prison. He did not appeal. His conviction, then, became final sixty days later, on November 8, 2009. *See* Cal. Rules of Ct., rules 8.104(a) and 8.308(a). Burns, then, had one year, that is, until November 9, 2010, to file a timely federal habeas petition.[1] The instant petition, however, was not filed until November 16, 2011,[2] well after the November 9, 2010 deadline. On this record, absent statutory or equitable tolling, the petition is barred by AEDPA's statute of limitations and must be dismissed.

**1.     Statutory Tolling**

For purposes of statutory tolling, the time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2). It is undisputed that Burns filed his first state habeas petition on April 8, 2011, which is after the November 9, 2010 filing

---

[1] Because Burns did not appeal to the state supreme court, he is not entitled to the additional 90 days granted by *Bowen*, cited above.
[2] Burns is entitled to this filing date, rather than the November 28, 2011 date listed in the docket. The Court assumes that he put the petition in the prison mail the day he signed it (November 16, 2011) and will use that as the filing date under the prisoner mailbox rule. *See generally Houston v. Lack*, 487 U.S. 266, 276 (1988).

United States District Court
Northern District of California

2

deadline.

Burns is not entitled to statutory tolling. A state habeas petition filed after AEDPA's statute of limitations ended, here the April 8, 2011 state petition, cannot toll the limitation period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Section 2244(d)(2) cannot "revive" the limitation period once it has run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run. "Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998). Because Burns filed his first state habeas petition after the filing date for a federal habeas petition passed, he is not entitled to statutory tolling.

Burns also contends that the limitations period did not start until March 2012, when the Supreme Court issued two decisions relating to claims regarding the assistance of counsel at the plea bargain stage.[3] These decisions, according to Burns, reset the limitations period because they announced a new rule of constitutional law which applies retroactively to his claim pursuant to 28 U.S.C. § 2244(d)(1)(C). This argument is foreclosed, however, by the Ninth Circuit's declaration that "neither case decided a new rule of constitutional law." *Buenrostro v. U.S.*, 697 F.3d 1137, 1140 (9th Cir. 2012).

Burns is not entitled to statutory tolling. Absent equitable tolling, the petition must be dismissed.

**2.  Equitable Tolling**

Burns alleges that he is entitled to equitable tolling because his defense counsel rendered ineffective assistance.[4]

A federal habeas petitioner is entitled to equitable tolling if he can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010)

---

[3] He cites *Lafler v. Cooper*, 132 S. Ct. 1376 (2012) and *Missouri v. Frye*, 132 S. Ct. 1399 (2012).
[4] Burns does not specifically ask for equitable tolling. The Court, however, construes his arguments that there was cause and prejudice --- the customary argument used to show that procedural default should be excused --- as his assertions that he is entitled to equitable tolling.

3

(quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

Burns has not shown either requirement.  First, in neither his Petition for Writ of Habeas Corpus nor Petitioner's Pro Se Opposition To The Respondent's Motion To Dismiss His Habeas Corpus Petition has he intimated, let alone shown, that defense counsel's ineffectiveness in 2009 prevented him from filing a timely federal habeas petition in 2010.  Also, Burns has not demonstrated that he has been pursuing his rights diligently.  He did not file an appeal, and waited until 2011 to file his first challenge to his 2009 conviction.  On such a record, Burns is not entitled to equitable tolling.  Accordingly, the petition must be dismissed.

## CONCLUSION

For the reasons stated above, respondent's motion to dismiss the petition as untimely (Docket No. 22) is GRANTED.  The petition is hereby DISMISSED.

A certificate of appealability will not issue.  Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The Clerk shall enter judgment in favor of respondent, terminate Docket No. 22, and close the file.

**IT IS SO ORDERED.**

**Dated:** September 20, 2013

WILLIAM H. ORRICK
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

RICHARD L BURNS,

        Plaintiff,

  v.

GARY SWARTHOUT et al,

        Defendant.
_____/

Case Number: CV11-06301 WHO

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 20, 2013, I SERVED a true and correct copy of the attached, by placing said copy in a postage paid envelope addressed to the person hereinafter listed, by depositing said envelope in the U.S. Mail.

Richard L. Burns AA-7046
Bldg. 1-244
California State Prison, Solano
P. O. Box 4000
Vacaville, CA 65696-4000

Dated: September 20, 2013

Richard W. Wieking, Clerk
By: Jean Davis, Deputy Clerk